**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10340 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00634-LEK |
| v. | |
| SONYA LUELLA LEINANI TUPOU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Sonya Luella Leinani Tupou appeals from the district court's judgment and

challenges the 36-month sentence imposed following her guilty-plea conviction for

conspiracy to distribute and possess with intent to distribute 50 grams of more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846;

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

attempt to possess with intent to distribute 50 grams of more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3), (d)(1) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For the first time on appeal, Tupou contends that the district court procedurally erred by failing to explain adequately the sentence and by failing to consider her mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there was none. The record reflects that the district court considered Tupou's arguments and thoroughly explained its reasons for imposing the within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Tupou next contends that her sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Tupou's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-10340